# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ELBERT HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV01181-JCH |
| | ) | |
| GATEWAY REGION YMCA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative for More Definite Statement, and Motion to Strike pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f), filed July 27, 2018. (ECF No. 11). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Defendant is a non-profit 501(c)(3) organization, whose mission is to put Christian principles into practice through programs that build healthy spirit, mind and body for all, including exercise programs, youth programs as well as facilities for swimming exercise, sports and a camp for young people. (Compl., ECF No. 8, at 1). Plaintiff has brought this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., and 29 U.S.C. § 623(d). Plaintiff names Gateway Region YMCA as the Defendant.

Plaintiff was employed by Defendant Gateway Region YMCA from August 12, 1999 until his employment was terminated on December 26, 2016 (Compl., at 3). Plaintiff had been employed as Director of Youth and was supervised by Belynda Woods. (*Id.*). Plaintiff asserts

---

[1] The Court's background section is taken from Plaintiff's Complaint, to which Defendant has not yet filed an Answer.

that his job performance was excellent and was meeting the reasonable needs of Defendant at the time of his termination. (*Id.*). Plaintiff filed a charge of discrimination with the US Equal Employment Opportunity Commission ("EEOC") on August 10, 2017 and filed a second charge with the EEOC on December 4, 2017. (*Id.*) Plaintiff received a notice of his right to sue from the EEOC dated March 9, 2018 on both charges (*Id.,* at 2).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 555). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his or her] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other grounds, Horlow v. Fitzgerald,* 457 U.S. 800 (1982)).

## DISCUSSION

I.    **Defendant's Motion to Dismiss Counts I and II**

Defendant contends that Plaintiff's Complaint fails to establish sufficient facts to establish that he was discriminated or retaliated against because of his age in violation of the ADEA and asks this Court to dismiss pursuant to F. R. Civ. P 12(b)(6). (*See*, ECF No. 12, at 1).

In the first count of Plaintiff's Complaint, Plaintiff alleges age discrimination in violation of the ADEA. To plead a claim for age discrimination under the ADEA, Plaintiff must show that, "he (1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger." *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034 (8th Cir. 2007).

Plaintiff asserts that he was born in 1956 and at all times relevant to this case he was in the protected category of forty-years-old and older. (Compl., at 1). Plaintiff also asserts that his job performance as Director of Youth was excellent and his work with young people was acknowledged by community leaders. (*Id*., at 3). Plaintiff alleges that while employed by Gateway Region YMCA his supervisor, Belynda Woods, made numerous comments to Plaintiff that could be inferred as age animus. (*Id*.). Plaintiff alleges that Woods told Plaintiff that he should take a less strenuous job due to his age, that a younger employee would project a youthful image as opposed to the Plaintiff, and that when Plaintiff was photographed and appeared in the newspaper he looked terrible. (*Id*.). Plaintiff further alleges that Woods told Plaintiff that she wanted to replace him with a younger employee and requested that he switch jobs with a younger employee. (*Id.)* Plaintiff then alleges that he was replaced by a substantially younger employee. (*Id*.). Finally, Plaintiff asserts that on December 26, 2016 he was fired from his employment with Gateway Region YMCA as Director of Youth (*Id*.). With regard to Count I for Plaintiff's Complaint, the Court finds the alleged facts sufficient to overcome a Motion to Dismiss pursuant to F. R. Civ. P. 12(b)(6).

In Count II of his Complaint, Plaintiff brings a claim for retaliation in violation of the ADEA. To establish a *prima facie* case of retaliation under the ADEA, Plaintiff must show that

"(1) he participated in a protected activity, (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two events." *Kneibert v. Thomson Newspapers, Michigan Inc.* 129 F.3d 444, 454 (8th Cir. 1997).

Plaintiff asserts that he was engaged in a protected activity when he filed charges of discrimination with the EEOC. (See, Complaint at 4) Plaintiff asserts that one of the benefits of his employment with Defendant was a free membership to Defendant's YMCA facilities, and that after the termination of his employment Plaintiff maintained his membership at Gateway Region YMCA as a paying customer. (*Id.*) Plaintiff alleges that after filing the charge of discrimination with the EEOC on August 10, 2017, Plaintiff received a letter from Defendant notifying him that his membership had been suspended as a result of the filing of the charge of discrimination. (*Id.*). However, Defendant contends that the letter which Plaintiff has attached to his Complaint as Exhibit 5 is dated prior to the August 10, 2017, charge and therefore cannot serve as basis for a claim of retaliation. (*See,* ECF No. 12 at 5). Exhibit 5 is a letter dated June 28, 2017, purportedly from Defendant to Plaintiff that references suspending Plaintiff's membership and program participation at the YMCA Greater St. Louis, as of June 30, 2017, after having received formal notice of a Charge of Discrimination from the EEOC. This predates the filing of the August 10, 2017 charge.

The letter further references participant actions not in the best interest of the YMCA in accordance with the YMCA Membership Handbook. (ECF No. 8-5) Plaintiff claims that as a result of the suspension, he suffered occupational harm through the stigma of not adhering to the mission of the YMCA (*Id.*, 4-5). Defendant contends that Plaintiff's loss of a personal membership to the YMCA cannot be an adverse employment action to support a claim for retaliation under the ADEA. (*See*, ECF No. 12 at 4). Defendant contends that Plaintiff therefore,

has failed to state a claim for retaliation under the ADEA and that Count II should be dismissed pursuant to 12(b)(6). (ECF No. 11 at 2).

Upon consideration of the parties' briefs, the Court therefore will allow Plaintiff leave to amend his complaint to identify the adverse employment action taken against Plaintiff by Defendant with respect to Plaintiff's retaliation claim, to clarify the chronology of the events supporting Plaintiff's allegations of retaliation, and to specify the damages sought by Plaintiff in Count II.

## II. Defendant's Motion for a More Definite Statement

In the alternative to Defendant's Motion to Dismiss, Defendant has filed a Motion for a More Definite Statement. (*See,* ECF No. 11). A party may move for a motion for a more definitive statement on a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." F. R. Civ P 12(e). "A motion for a more definite statement is proper when a party is unable to determine issues [they] must meet." *Tinder v. Lewis City Nursing Home Dist.*, 207 F.Supp 2d. 951,959 (E.D. Mo 2001). Defendant points to missing phrases and poorly worded allegations as the basis for their motion. (ECF 12, at 5). However, the court has granted Plaintiff leave to amend his pleadings. Therefore, Defendant's Motion for a More Definite Statement is moot.

## III. Defendant's Motion to Strike

Finally, In Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement and Motion to Strike, Defendant requests that Paragraph 26 of Plaintiff's Complaint be struck in its entirety pursuant to F. R. Civ. P. 12(f) due to its reference to "occupational harm". Defendant contends that allegations regarding the loss of a fringe benefit are more appropriate for Plaintiff's discrimination claim, and that allegations regarding the loss of

Plainitff's paid membership are unrecoverable under the ADEA. (*See,* ECF No. 18). However, Plaintiff admits that he is only entitled to the damages set forth in the ADEA. (*See* ECF No. 19). Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." While courts enjoy liberal discretion to strike pleadings under Rule 12(f), *see Nationwide Ins. Co. v. Central Missouri Elec. Co-op, Inc.,* 278 F.3d 742, 748 (8th Cir. 2001), Motions to strike are not favored and are infrequently granted because they propose a drastic remedy. *BJC Health Sys. v. Columbia Cas. Co.,* 478 F. 3d 908, 917 (8th Cir. 2007). Thus, "matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation and its inclusion prejudices the defendants." *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, 2008 WL 2704481, at *5 (E.D. Mo. Jul. 2, 2008)(citation omitted). Because the Court will grant Plaintiff leave to amend his complaint this motion is moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement and Motion to Strike (ECF No. 11) are **DENIED.**

**IT IS FURTHER ORFERED** that Plaintiff is granted until **Thursday September 6, 2018**, to file an Amended Complaint in this matter.

Dated this  27th  Day of August, 2018.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE