UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELBERT HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-01181-JCH |
| GATEWAY REGION YMCA, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint, filed September 13, 2018. (ECF No. 22). The motion is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff has brought this action against Defendant Gateway Region YMCA pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* and 29 U.S.C. § 623(d). Plaintiff was employed by Defendant from August 12, 1999, until his employment was terminated on December 26, 2016. (ECF No. 21, at 3). At the time of his termination Plaintiff was employed as the Director of Youth. Plaintiff asserts that his job performance was excellent and was meeting the expectations of Defendant. (*Id.*) On June 2, 2017, Plaintiff answered a questionnaire regarding the alleged discrimination with the EEOC. (ECF No. 21). On, or about, June 6, 2017, a letter was allegedly sent to Defendant notifying Defendant that Plaintiff had come to the EEOC office and asserted allegations against them. (*Id.*, at 2). On June 30, 2017, Plaintiff's paid membership to the YMCA was terminated. (ECF No. 21-5). Plaintiff filed a charge of discrimination with the EEOC on August 10, 2017 alleging discrimination. (*Id.*, at 2).

1

Plaintiff filed a second charge with the EEOC on December 4, 2017, alleging retaliation. (*Id*., at 2; ECF No. 21-4). On March 9, 2018, Plaintiff received a Right to Sue Letter from the EEOC. (ECF No. 21, at 3)

On July 25, 2018, Defendant filed a Motion to Dismiss the Case or in the Alternative for a More Definite Statement and Motion to Strike with regard to Plaintiff's Complaint. (ECF No. 11). On August 27, 2018, the Court denied Defendant's Motion to Dismiss the Case or in the Alternative for a More Definite Statement and Motion to Strike and gave the Plaintiff leave to amend the initial complaint. (ECF No. 20). The Court gave Plaintiff specific instructions to cure three key deficiencies in the complaint to determine whether the Plaintiff had a claim of retaliation under the ADEA. Specifically, the Court instructed Plaintiff in his amended complaint to identify clearly the adverse employment action taken against him to support his retaliation claim, to clarify the chronology of the events relating to the retaliation claim and to specify what damages are being sought under Plaintiff's claim for discrimination under the ADEA and what damages are being sought under Plaintiff's separate claim for retaliation. (ECF No. 20).

On September 6, 2018, Plaintiff filed his First Amended Complaint with the Court alleging violations of the ADEA (ECF No. 21). Count I addresses the alleged discrimination against Plaintiff by Defendant because of his age. (ECF No. 21, 3-4). Count II addresses the alleged retaliation against Plaintiff by Defendant. (ECF No. 21, 5-6). On September 13, 2018 Defendant filed their Motion to Dismiss Count II of Plaintiff's First Amended Complaint and a Memorandum in support thereof. (ECF No. 22; ECF No. 23). On September 27, 2018, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss Count II as a Response. (ECF No. 26) On October 4, 2018, Defendant filed their Reply. (ECF No. 27)

In their Reply, the Defendant argues that Plaintiff has alleged in his Response facts not in the pleadings and asks the Court to disregard the information contained in Paragraph 25 of the First Amended Complaint or to treat the Motion to Dismiss as a Motion for Summary Judgement under Federal Rule of Civil Procedure 12(d). (ECF No. 27) Paragraph 25 of the First Amended Complaint reads as follows:

> "That on or about June 6, 2017, the EEOC sent a letter to Defendant notifying Defendant as to the fact that Plaintiff had come to the EEOC office and asserted allegations against Defendant that Defendant discharged Plaintiff from his employment with Defendant because of his age. On June 2, 2017, Plaintiff had completed and filed the EEOC questionnaire alleging said discrimination." (ECF No. 21 at 5).

Defendant Contends that because the Plaintiff states in his Response: "Since filing the First Amended Complaint Plaintiff obtained the actual documents referred to in paragraph 25" the facts alleged should not be considered as being within the pleadings. (ECF No. 27; ECF No. 26). If matters outside the pleadings are presented on a 12(b)(6) motion to dismiss and are not excluded the motion ought to be treated as a motion for summary judgement. Fed. R. Civ. P. 12(d). Here, the Plaintiff has sufficiently alleged the facts contained in paragraph 25 in his First Amended Complaint which takes the place of the original complaint. To the extent that Plaintiff has attached additional evidence to support the allegations in paragraph 25 in his Response, the Plaintiff has done so improperly. Without the support of an affidavit to authenticate the document the Court will disregard its contents and will review the motion as a motion to dismiss.

## **LEGAL STANDARD**

In ruling on a 12(b)(6) motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the Plaintiff. *Eckert v. Titian Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta,* 410 F.3d

1036, 1039 (8th Cir. 2005)(citation omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*, at 679 (citing, *Twombly*, 550 U.S. at 556).

## DISCUSSION

In Count II of his First Amended Complaint Plaintiff alleges that Defendant impermissibly retaliated against him for completing and filing an EEOC questionnaire that alleged age discrimination against the Defendant (ECF No. 21). In support thereof, Plaintiff states that:

> "Plaintiff engaged in protected activity when he completed and filed the EEOC questionnaire relating to charges of employment discrimination. That one of the benefits of employment with Defendant was that employees had free membership to Defendant's YMCA facilities. That after the termination of his employment Plaintiff maintained his membership at the Gateway Region YMCA as a paying customer. That on or about June 6, 2017, the EEOC sent a letter to Defendant notifying Defendant as to the fact that Plaintiff had come to the EEOC office and asserted allegations against Defendant…. On June 28, 2017, Defendant sent a letter to Plaintiff notifying him that his YMCA membership had been suspended as a result of the filing of the charge of discrimination. The Letter also notified Plaintiff that any fees he had paid to the YMCA would be forfeited. (*Id.,* at 5).

Plaintiff further alleges that he suffered occupational harm as a result of the termination of his YMCA membership and that the stigma arising from Plaintiff's suspension from the YMCA restricts Plaintiff's ability to promote youth to engage in beneficial activities at the YMCA. (*Id.*). Plaintiff seeks to demonstrate that but for his activity with the EEOC, his membership would not have been suspended. (*Id.*, 5-6). Defendant contends that Plaintiff has failed to state a proper claim for retaliation and contends that Plaintiff asks for an improper remedy under the ADEA. (ECF No. 23, ECF No. 27).

## I. Remedies Under the ADEA

Plaintiff seeks damages for occupational harm and stigma suffered as a result of losing his paid membership to the YMCA. Plaintiff argues that the forfeiture of his paid personal membership dues and occupational harm are economic damages in nature and therefore should be allowed under the ADEA. (ECF No. 26). Defendant contends that Plaintiff's request for remedy of these abstract harms is improper. (ECF No. 23). One cannot recover for damages not covered by the ADEA. *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809-810 (8th Cir. 1982). The Eighth Circuit has expressly held that the available relief under the ADEA is limited to that available under sections 211(b), 216 except for subsection (a), and 217 of the Fair Labor Standards Act (FLSA). *Id.* The relevant section of FLSA states that, "[a]ny employer who violates the provisions of § 206 or § 207 of this title shall be liable to the employee or employees affected in the *amount of their unpaid minimum wages*, or their *unpaid overtime compensation*, as the case may be, and in an *additional equal amount as liquidated damages*." 29 U.S.C. § 216(b)(emphasis added). The Eighth Circuit Court of Appeals has interpreted this to mean that damages for pain and suffering are not available under the ADEA. *Fiedler,* 670 F.2d at 809-810. Therefore, Plaintiff's request will be denied.

## II. Adverse Employment Action in Retaliation to a Protected Activity

In his First Amended Complaint Plaintiff alleges that in early June 2017, Plaintiff filed a questionnaire with the EEOC, and Defendant became aware of this activity through a letter sent to it by the EEOC. Plaintiff alleges that after Defendant found out about the questionnaire, Defendant terminated Plaintiff's paid membership to the YMCA in retaliation for his participation in that protected activity. In support thereof the Plaintiff has attached the letter he allegedly received from Defendant indicating that his membership was being terminated due to

his activity with the EEOC. (ECF No. 21-5). Plaintiff asserts that as an employee of the YMCA he was entitled to a free membership to the YMCA but after he was discharged in December of 2016 he began paying for his own personal membership.

"The ADEA prohibits an employer from discriminating against an employee because the employee opposed a practice made unlawful by the ADEA" *Kneibert v. Thomson News Papers, Michigan Inc.* 129 F.3d 444, 454 (8th Cir. 1997)(citing, 29 U.S.C. §623(d)). To establish a prima facie case of retaliation under the ADEA, Plaintiff must demonstrate (1) that he participated in a protected activity, (2) that an adverse employment action was taken against him and (3) that a causal connection exists between the participation in the protected activity and the adverse employment action. *See, Kneibert,* 129 F.3d at 454. Under the ADEA a protected activities include any opposition to any practice made unlawful under the ADEA including, but not limited to filing a charge, testifying, assisting in an investigation, or participating in any manner in an investigation, proceeding or litigation under the ADEA. *See*, 29 U.S.C. § 623(d). Here Plaintiff participated in protected activities by filling out the questionnaire and filing charges with the EEOC.

Defendant contends that Plaintiff has failed to plead sufficient facts to demonstrate that an adverse employment action was taken against him. Defendant argues that the Plaintiff has failed to plead any facts to demonstrate how the loss of his paid membership has created an employment disadvantage because the Plaintiff was no longer an employee of the Defendant at the time that Plaintiff's personal membership was suspended. (*Id.*). While Plaintiff maintains that the termination of his personal YMCA membership ought to constitute an adverse employment action, Plaintiff also appears to argue that because the term employee has been interpreted to extend to former employees, the actions taken against a former employee as a

result of that employee's participation in a protected activity ought to constitute a violation of the ADEA whether or not the action constitutes an adverse employment action. (ECF No. 26) In support of this, Plaintiff fails to sight to any relevant case law from the Eighth Circuit.

The proper question before the Court is whether the termination of a paid personal membership to the facilities at one's former workplace constitutes an adverse employment action. While the June 28, 2017, letter may show a causal connection between Plaintiff's participation in a protected activity under the ADEA, and the termination of Plaintiff's YMCA membership, the subsequent behavior of the Defendant is not retaliatory for the purposes of the ADEA. Defendant does not take an adverse *employment* action against the Plaintiff. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Thomas v. Corwin*, 483 F.3d 516, 528 (quoting, *Wedow v. City of Kan, City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006)). Although an adverse action does not always need to lead to termination or even a detrimental impact in an employee's benefits or pay, not everything that makes an employee unhappy is an actionable adverse action. *Sellers v. Deere & Co.*, 791 F.3d 938, 942 (8th Cir 2015)(citing, *Feeney v. Dakota, Minn. & E. R.R. Co.*, 327 F.3d 707,711-12 (8th Cir. 2003)). *See e.g, Burchett v. Target Corp.,* 340 F.3d 510,518 (8th Cir. 2003)(determining that a negative performance review did not constitute an adverse employment action on its own. An employer must use that review to alter the terms or conditions of employment to the detriment of the employee). Therefore, the Court finds that because Plaintiff was no longer working for the Defendant when his paid membership to the YMCA was terminated and because the Plaintiff has not provided the Court with sufficient facts to establish how the loss of his personal membership has negatively impacted his employment, no retaliation can be found.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** the Defendant's Motion to Dismiss Count II of the First Amended Complaint is GRANTED.

Dated this 12th Day of October, 2018.

                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE